IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMINSON DAVIS**                                                                                        **PLAINTIFF**

**and**

**THE CHARTER OAK FIRE INSURANCE CO.**                                           **INTERVENOR**

**v.**                                                             **CIVIL ACTION NO.: 3:25-cv-12-KHJ-MTP**

**MATT EXPRESS, INC. AND**                                                             **DEFENDANTS/**
**SAMMY PHILLIPS, JR.**                                                       **THIRD PARTY PLAINTIFFS**

**v.**

**VTS CARRIERS, LLC, AND**                                                              **DEFENDANTS/**
**IVAN GUADALUPE MAYA CORTEZ**                                    **THIRD PARTY DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* upon Plaintiff and Defendants/Third-Party Plaintiffs' failure to serve Third-Party Defendant Ivan Guadalupe Maya Cortez. For the reasons set forth herein, the undersigned recommends that all claims against Cortez be dismissed without prejudice.

On January 10, 2025, Plaintiff filed this action against Defendants Matt Express, Inc. and Sammy Phillips, Jr. On July 3, 2025, Defendants Matt Express, Inc. and Sammy Phillips, Jr. filed a Third-Party Complaint [25] against Cortez and VTS Carriers, LLC. Summonses for the Third-Party Defendants were issued on the same day. *See* [26]. On October 15, 2025, Plaintiff amended his complaint to include claims against Cortez and VTS Carriers, LLC. *See* [35]. Fed. R. Civ. P. 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

1

Accordingly, the deadline for Defendants/Third-Party Plaintiffs to serve Third-Party Defendants ran on October 1, 2025, and the deadline for Plaintiff to serve Third-Party Defendant Cortez ran on January 13, 2026.[1]

Defendants/Third-Party Plaintiffs served VTS Carriers, LLC, which filed an Answer to the Third-Party Complaint [31] on September 30, 2025, and an Answer to the Amended Complaint [36] on October 30, 2025. However, the record does not reflect any attempts to serve Cortez.

On December 18, 2025, after Defendants/Third-Party Plaintiffs had failed to serve Cortez, the Court entered an Order [42] notifying Defendants/Third-Party Plaintiffs that the ninety-day deadline to serve Cortez had expired. The Court warned the parties that if service upon Cortez was not perfected and proof thereof filed with the Court by January 2, 2026, the claims against Cortez may be dismissed without prejudice and without further notice. *See* Order [42].

Defendants/Third-Party Plaintiffs have failed to properly serve Cortez by the deadline and file the proof of service by January 2, 2026, as ordered. The Court warned Defendants/Third-Party Plaintiffs that Cortez would be dismissed if they failed to properly serve him, and Defendants/Third-Party Plaintiffs have not shown good cause for another extension of time to serve Cortez. Thus, Third-Party Defendant Cortez should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Additionally, the record does not reflect any attempt by Plaintiff to have a summons

---

[1] Because Third-Party Defendant VTS Carriers, LLC had already made an appearance in the case, service of the Amended Complaint via the Court's electronic-filing system was appropriate under Fed. R. Civ. P. 5(b). However, Cortez had not yet been served by the Third-Party Plaintiffs nor had he made any other appearance in the case. Thus, Plaintiff was required to serve a summons and the Amended Complaint on Cortez within the Fed. R. Civ. P. 4(m) ninety-day deadline.

issued or have Third-Party Defendant Cortez served. Likewise, Plaintiff's claims against Third-Party Defendant Cortez should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

## RECOMMENDATION

As Plaintiffs and Defendants/Third-Party Plaintiffs have failed in their obligation to properly serve Third-Party Defendant Cortez, the undersigned recommends that Plaintiff and Defendants/Third-Party Plaintiffs' claims against Third-Party Defendant Cortez be DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 15th day of January, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE